UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEON R. BATTON,

        Petitioner,

  v.                                    Case No. 20-cv-173-pp

UNITED STATES OF AMERICA

        Respondent.

**ORDER DENYING MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 1), DISMISSING CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALBILITY**

**I.    Background**

In November 2017, a grand jury returned an indictment charging the petitioner—along with co-defendant Laura Walton—with five counts of Hobbs Act Robbery under 18 U.S.C. §§1951(a) and 2 and five counts of using a firearm during a crime of violence under 18 U.S.C. §924(c)(1)(A)(ii) and 2. United States v. Deon Batton, Case No. 17-cr-187, Dkt. No. 11 (E.D. Wis. Nov. 17, 2017). The petitioner signed a plea agreement, id. at dkt. no. 25, and on April 23, 2018, this court accepted his guilty plea on five counts of Hobbs Act robbery as well as one count of using and carrying a firearm during a crime of violence. Id. at Dkt. No. 26. On February 1, 2019, the court sentenced the petitioner to thirty months' imprisonment on each of the five Hobbs Act robberies (to run concurrently with each other) and 120 months' imprisonment on the §924(c) count to run consecutively to the thirty months on the

1

robberies, for a total sentence of 150 months' imprisonment. Id. at Dkt. No. 59. The court entered judgment on February 4, 2019, id., and an amended judgment on February 6, 2019. Id. at dkt. no. 61. The court later reduced the petitioner's sentence to a total of 120 months imprisonment. Id. at Dkt. No. 70. The petitioner did not appeal his conviction or his sentences.

On February 4, 2020, the petitioner filed this motion to vacate his sentence under 28 U.S.C. §2255. Batton v. United States, Case No. 20-cv-173, Dkt. No. 1 (E.D. Wis. Feb. 4, 2020). The motion argued that under United States v. Davis, ___ U.S. ___, 139 S. Ct. 2319 (2019), Hobbs Act Robbery cannot be a "crime of violence" under the residual clause of §924(c) and that previous Seventh Circuit precedent erred in concluding that Hobbs Act robbery qualified as a "crime of violence" under the elements clause of §924(c). Dkt. No. 1 at 7. The motion also argues that the petitioner's trial counsel was ineffective for failing to challenge a defective indictment; the petitioner says the indictment charged him with interfering in "intrastate commerce" and did not plead an interstate commerce element. Id.

## II. Analysis

The first thing a court must do in a proceeding under §2255 is review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 proceedings provides that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or

other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing §2255 Proceedings. A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers only whether the petitioner has raised claims that can be adjudicated in a section §2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period.

The petitioner's claims appear to be timely filed; it appears the petitioner filed his §2255 motion within one year of his judgment becoming final under 28 U.S.C. §2255(f)(1).

### A. United States v. Davis Claim

The petitioner's Davis claim has no merit because the Seventh Circuit Court of Appeals repeatedly has rejected the argument that the petitioner advances. The petitioner argues that the court must vacate his conviction for carrying a firearm during a crime of violence because Hobbs Act robbery does not qualify as a "crime of violence" post-Davis. Dkt. No. 1 at 7. The statute at issue here, 18 U.S.C. §924(c), is the same statute considered by the Davis court. It "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of' any federal 'crime of violence or drug trafficking crime.'" Davis, 139 S. Ct. at

3

2324. The statute defines "crime of violence" in "two subparts—the first known as the elements clause, and the second [known as] the residual clause." Id. Under §924(c)(3), a "crime of violence" is an "offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. §924(c)(3). Davis analyzed subsection (B)—the residual clause—and found it unconstitutionally vague. Id. at 2336. But the Davis decision had no impact on subpart (A)—the elements clause. Haynes v. United States, 936 F.3d 683, 688 (7th Cir. 2019). The petitioner is correct that Davis precludes Hobbs Act robbery from qualifying as a "crime of violence" under the *residual* clause, 18 U.S.C. §924(c)(3)(B). But the petitioner's conviction for carrying a firearm during a crime of violence under 18 U.S.C. §924(c) passes constitutional muster if Hobbs Act robbery qualifies as a "crime of violence" under the *elements* clause, subparagraph (A).

The petitioner acknowledges that Hobbs Act robbery currently qualifies as a crime of violence under the elements clause; he argues that previous Seventh Circuit cases "are erroneously based on a misapplication of the categorial approach." Dkt. No. 1 at 6. The petitioner argues that Hobbs Act robbery covers more conduct than what is listed in the in the elements clause of §924(c)(3)(A) because Hobbs Act robbery can be committed without force. Id. at 24.

4

The Seventh Circuit repeatedly has rejected the arguments made by the petitioner and repeatedly has held that Hobbs Act robbery is a crime of violence under the elements clause of §924(c). See United States v. Rivera, 847 F.3d 847, 849 (7th Cir. 2017) ("[O]ne cannot commit Hobbs Act robbery without using or threatening force. . . . Because each of the means by which to satisfy the "against his will" element requires physical force, the "against his will element itself requires physical force."); United States v. Fox, 783 F. App'x 630, 632 (7th Cir. 2019) ("[W]e have confirmed that a Hobbs Act robbery is a crime of violence under the still-valid "elements clause" of §924(c)."); Haynes v. United States, 936 F.3d 683, 690 (7th Cir. 2019) ("Hobbs Act robbery is a categorical crime of violence under §924(c) because it has as an element the actual, attempted, or threatened use of force."); United States v. Fox, 878 F.3d 574, 579 (7th Cir. 2017) ("We reaffirm today that Hobbs Act robberies are crimes of violence under Section 924(c)(3)(A)"); United States v. Anglin, 846 F.3d 954, 965 (7th Cir. 2017) (vacated on other grounds by ___ U.S. ___, 138 S.Ct. 126 (2017)) ("Hobbs Act robbery is a 'crime of violence' within the meaning of §92[4](c)(3)(A). In so holding, we join the unbroken consensus of other circuits to have resolved this question."). As one of this court's colleagues held when faced with the same question at the Rule 4 stage of a 2255 motion,

> [The petitioner's] only argument is that Hobbs Act robbery should not be considered a crime of violence under the elements clause. . . . *Anglin* has held precisely to the contrary, however, and this Court is not empowered to overrule or disagree with the Seventh Circuit. [The petitioner] attempts to overcome this bar by claiming that his arguments are based on Supreme Court precedent, which is a higher authority than the Seventh Circuit. This is of no moment for

5

present purposes. Only the Court of Appeals of the Supreme Court could overturn *Anglin*.

Boyce v. United States, No. 19-cv-1428-JPS, 2019 WL 6729529, at *2 (E.D. Wis. Dec. 11, 2019). The reasoning in Boyce applies with equal force to the petitioner's case. The Seventh Circuit has had numerous opportunities—several post-Davis—to change its position on whether Hobbs Act robbery qualifies as a crime of violence under the elements clause of §924(c)(3)(A). See e.g. Haynes, 936 F.3d 683 (7th Cir. 2019). It has not done so. This court is bound by Seventh Circuit precedent; even if it somehow agreed with the petitioner that the Seventh Circuit erred (and it does not), this court does not have the power to correct any such errors.

    B.    Ineffective Assistance of Counsel Claim

The petitioner's second claim alleges "ineffective assistance of counsel during pretrial proceedings." Dkt. No. 1 at 7. In his "supporting facts" section, the petitioner explains his belief that the indictment "was defective and did not plead the interstate commerce element." Id. He says that the indictment charged him with interfering with "intrastate commerce" and that the government assumed that the "de minimis standard" would allow them to convict the petitioner without proving every element of the offense. Id.

The court reviewed the indictment in the petitioner's underlying criminal case, United States v. Deon Batton, Case No. 17-cr-187, Dkt. No. 11 (E.D. Wis. Nov. 7, 2017). Each Hobbs Act robbery count in the indictment begins by charging that the victim business "was a business engaged in the purchase and sale of articles and commodities in *interstate* commerce." Id. (emphasis

6

added). None of the charges mentioned "intrastate" commerce. The petitioner's motion sheds no additional light on his ineffective assistance of counsel claim. Although he attached sixteen pages of argument to his §2255 motion, the arguments focus exclusively on the petitioner's Davis claim. Dkt. No. 1 at 11-26. Even giving the petitioner's motion a most liberal construction—as the court is required to do—the claim is meritless; the indictment is not defective for failing to allege an effect on interstate commerce, because it alleges an effect on interstate commerce. An attorney cannot be ineffective for failing to raise a meritless argument. Washington v. Boughton, 884 F.3d 692, 701 (7th Cir. 2018). As for the claim that the government could not prove all of the elements of a Hobbs Act robbery beyond a reasonable doubt, the petitioner's plea agreement contradicts that argument; he agreed that the government could have proven each of the elements of the offense beyond a reasonable doubt. United States v. Batton, 17-cr-187, at Dkt. Nos. 25, 26 (E.D. Wis. Apr. 23, 2018).

The court recognizes that ineffective assistance of counsel *is* a cognizable claim in a §2255 motion that need not be raised in a petitioner's direct appeal. Massaro v. United States, 538 U.S. 500, 509 (2003). But the court will not allow the petitioner to proceed on an ineffective assistance of counsel claim because he clearly is not entitled to relief.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability when it enters a

7

final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists courts not debate that the petitioner cannot proceed on either claim in his §2255 motion.

### IV. Conclusion

The court **ORDERS** that the petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255 is **DENIED**. Dkt. No. 1.

The court **DECLINES TO ISSUES** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED with prejudice.**

Dated in Milwaukee, Wisconsin this 8th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
